From Gerritt E. Gardner, Montrose, Pa.

---

## Commonwealth v. Evans.

*Criminal law—Costs—Taxation of costs—Rule of court—Practice, Q. S.*

The court will not consider exceptions to a bill of costs filed in a criminal case, where there has been no compliance with a rule of court which provides that such costs shall be taxed "by the clerk of the courts on the certificate of the district attorney with the same right of appeal from such taxation as in the Court of Common Pleas."

Exceptions to bill of costs. Q. S. Schuylkill Co., Jan. Sess., 1924, No. 251.

C. M. *Palmer*, District Attorney, for plaintiff; R. A. *Graef*, for defendant.

BERGER, J., Oct. 6, 1924.—The defendant in the above stated case was sentenced, *inter alia*, to pay the costs of prosecution. On Sept. 17, 1924, after sentence had been imposed, an additional bill of costs, amounting to $203, was permitted to be filed by order of court. On Sept. 26, 1924, the defendant, through his attorney, filed exceptions to the additional bill of costs, and the matter was set down for argument before the court. On Sept. 29, 1924, the day fixed for argument, Cyrus M. Palmer, the district attorney, executed and filed a certificate directing the costs specified in the original bill of costs to be taxed. This certificate was filed in pursuance of paragraph 8 of rule 40, regulating practice in the Quarter Sessions, which reads: "8. Costs in all criminal cases shall be taxed by the clerk of the courts on the certificate of the district attorney, with the same right of appeal from such taxation as in the Court of Common Pleas." This certificate filed by the district attorney makes it the duty of the Clerk of the Quarter Sessions to adjust or fix the amount of costs to which the party claiming them is entitled. From his action an appeal will lie to our court. There is nothing before us for disposition now, and the papers handed to us at the time of argument are handed to the clerk of the courts herewith.

From M. M. Burke, Shenandoah, Pa.